UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE, INC, a Delaware Corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>INN AT THE WICKLIFFE, LLC, an Ohio limited liability company; MEETA SHETH, and individual; and GHANSHYAM PATEL, an individual,<br><br>　　　　　　　　　　Defendants. | **OPINION**<br><br>Civ. No. 15-3975 (WHW)(CLW) |

**Walls, Senior District Judge**

　　Plaintiff Ramada Worldwide, Inc. ("Ramada") moves under Fed. R. Civ. P. 55 for default judgment against Meeta Sheth. Ramada asserts that Sheth breached a license agreement for the operation of a lodging facility. Sheth has failed to plead or otherwise defend this lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

**PROCEDURAL AND FACTUAL BACKGROUND**

　　Ramada is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Compl., ECF No. 1 ¶ 1. Meeta Sheth is a citizen of Tennessee. *Id.* ¶ 3. On June 27, 2008, Ramada entered into a license agreement with Inn at the Wickliffe, LLC, along with Sheth and Ghanshyam Patel, who were both principals of that company. *Id.* ¶¶ 2-5; Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default ("Fenimore Aff.") ECF No. 9-3 ¶ 3. The agreement was for the operation of a 213-room guest lodging facility in Wickliffe, Ohio (the "Facility"). Fenimore Aff. ¶ 3; *Id.* Ex. A. The license agreement had a term of fifteen years. *See id.* Ex. A § 5. Under the agreement, Defendants were to make periodic payments to Ramada for

royalties, marketing and reservation services, taxes, interest, and other fees (collectively, the "Recurring Fees"). *See id.* § 7, Schedule C. Interest was to be paid "on any past due amount payable to [Ramada] under [the] Agreement at the rate of 1.5% per month . . . accruing from the due date until the amount is paid." *Id.* § 7.3.

The license agreement required Inn at the Wickliffe to maintain the Facility according to Ramada's "System Standards" and provided that a breach of these standards would be a material breach of the agreement. *Id.* Ex. A § 3.2. Ramada had the right to conduct quality assurance inspections to ensure that the Facility was being operated under these standards. *Id.* ¶ 7; *id.* Ex. A § 4.8. Were there to be a dispute, the non-prevailing party was to "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party. . . ." *Id.* Ex. A § 17.4. In the event of termination, Inn at the Wickliffe agreed to pay liquidated damages of no less than $1,000 per guest room. *Id.* Ex. A §§ 12.1, 18.4. Sheth and Patel both signed a Guarantee in which they agreed to "make each payment and perform . . . each unpaid or unperformed obligation" should Inn at the Wickliffe default on the license agreement. *Id.* Ex. A, Ex. B.

On March 11, 2009, a quality assurance inspection revealed that the Facility was not being operated according to Ramada's "System Standards." *Id.* ¶¶ 19-20; Ex. C. Ramada notified Inn at the Wickliffe that it had 90 days to comply with these standards or the license agreement could be subject to termination. *Id.* ¶ 20. Ramada conducted six further quality assurance inspections between July 23, 2009 and February 12, 2013, each of which revealed that the Facility continued to fail to comply with the System Standards. *Id.* ¶¶ 21-26; *id.* Ex. D-Ex. J. On July 10, 2013, Ramada terminated the agreement and notified Inn at the Wickliffe that it was required to pay liquidated damages of $213,000.00 in addition to its outstanding recurring fees. *Id.* ¶ 27.

Ramada filed the complaint in this matter on June 12, 2015. It settled with Inn at the Wickliffe and Ghanshyam Patel and dismissed the action with prejudice as to those Defendants on October 1, 2015. Fenimore Aff. n. 1; Not. of Dismissal, ECF No. 7. On June 15, 2015, Counsel for Ramada forwarded a copy of the summons and complaint to be served on Sheth and have certified that he was unable to be located despite diligent efforts. Certification of Bryan P. Couch in Supp. of Mot. for Final J. by Default ("Couch Cert.") ECF No. 9-2 ¶¶ 4-5; Ex. A. Ramada then served a summons and complaint on Sheth using regular and certified mail on July 21, 2015. *Id.* ¶ 5; *id.* Ex. B. The Clerk of the Court entered default against Sheth on September 28, 2015 for his failure to plead or otherwise defend this action. *Id.* ¶ 8. Ramada now seeks $303,754.56 in liquidated damages, inclusive of interest, as well $17,075.88, which represents the amount of outstanding Recurring Fees reduced by amount of the settlement received from the other Defendants' settlement. Fennimore Aff. n. 1, ¶ 28.

## STANDARD FOR DEFAULT JUDGMENT

Three factors are considered when evaluating a motion for default judgment under Fed. R. Civ. P. 55: (1) whether there is "prejudice to the plaintiff if default is denied," (2) "whether the defendant appears to have a litigable defense," and (3) "whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Factual allegations in a complaint will be treated "as conceded by the defendant," *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005), but a court will inquire "into whether the unchallenged facts constitute a legitimate cause of action." *Days Inns Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). A court does not accept the alleged amount of damages as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). A court may determine damages without a hearing "as long as [it] ensure[s] that

there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I. Jurisdiction

Subject matter jurisdiction exists under 28 U.S.C. § 1332. Plaintiff is a Delaware Corporation with its principal place of business in New Jersey. Compl. ¶ 1. Defendants Inn at the Wickliffe, Patel, and Sheth are citizens of Ohio, New York, and Tennessee, respectively. *Id.* ¶¶ 2-4. The amount in controversy at the time of filing exceeded $75,000. Fenimore Aff. Ex. L. Personal jurisdiction exists because Defendants consented to "non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey. . . ." Fenimore Aff. Ex. A § 17.6.3; *id.* Ex. B; *id.* Ex. C.

### II. Default Judgment is Appropriate

This action is based on the Sheth's breach of contract. New Jersey law governs the contract under the license agreement's choice of law provision. Fenimore Aff. Ex. A § 17.6.1. The elements of a breach of contract claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here the parties entered into a contract for the operation of the Facility according to Ramada's System Standards. Sheth breached that contract by repeatedly failing to comply with these standards. Ramada performed its own contractual obligations by providing the services promised. *See* Fenimore Aff. Ex. K (itemizing Ramada's services that were the basis for the Recurring Fees). Damages resulted from the breach because Ramada performed services without

receiving compensation. Ramada has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Default judgment is appropriate. Ramada will suffer prejudice if default is denied because it will continue to not receive the fees and costs to which it is contractually entitled. Sheth has not put forward facts or arguments to suggest that he has a litigable defense. He has failed to retain counsel since the filing of the complaint. Having considered the *Chamberlain* factors in light of these facts, the Court grants default judgment.

### III. The Amount of Damages Is Satisfactorily Established

Ramada seeks damages of $320,830.44. That amount includes Recurring Fees of $17,075.88 and liquidated damages of $303,754.56, both inclusive of interest. The damages asserted do not require further inquiry and will be awarded by the Court.

Reasonable liquidated damages are enforceable under New Jersey law. *MetLife Capital Fin. Corp. v. Washington Ave. Associates L.P.*, 159 N.J. 484, 495 (N.J. 1999). The amount of $303,754.56 was calculated according to sections 12.1 and 18.4 of the license agreement, which provide for liquidated damages of $1,000 multiplied by the number of guest rooms in the Facility. The amount includes interest calculated at 1.5% per month under section 7.4 of the license agreement. These damages were for an agreed-upon amount and are reasonable under the circumstances.

The Court has also reviewed Ramada's submissions as to the Recurring Fees, which total $32,075.88 before being reduced by the amount received in settlement with the other Defendants. The Court finds that these Recurring Fees documented by Plaintiff accurately and reasonably represent the amount Sheth owes Ramada. *See* Fenimore Aff. ¶¶ 29-36; Ex. K (Itemized Statement of Recurring Fees). Plaintiff has certified that the sum of $17,075.88 has

been arrived at by reducing these outstanding Recurring Fees by the amount recovered through its settlement with Patel and Inn at the Wickliffe. Fenimore Aff. n. 1. These damages are reasonable under the circumstances.

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendants in the amount of $320,830.44.

DATE: 21 December 2015

William H. Walls
Senior United States District Court Judge